## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 13-20110-01-KHV |
| MICHAEL A. REHARD, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

On May 14, 2014, the Court sentenced defendant to 121 months in prison. This matter is before the court on defendant's Emergency Motion For Compassionate Release Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) And For Appointment Of Counsel (Doc. #31) filed November 6, 2020, which seeks release based on the Coronavirus Disease-2019 ("COVID-19") pandemic. On December 11, 2020, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. For reasons stated below, the Court dismisses defendant's motion for compassionate release and overrules his motion to appoint counsel.

## **Factual Background**

Defendant currently is confined at USP Leavenworth, a Bureau of Prisons ("BOP") facility in Leavenworth, Kansas. In September of 2020, defendant contracted COVID-19. As of December 31, 2020, 605 inmates—including defendant—and ten staff members had tested positive for COVID-19. See COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Jan. 2, 2021). Some 559 inmates and five of the staff members have recovered. See id. No one at the facility has died from COVID-19. See id.

Defendant is 32 years old. Defendant states that because of asthma, sleep apnea, immune thrombocytopenia (ITP), "other illnesses" and a prior COVID-19 infection, he is at high risk of contracting COVID-19 and of severe illness or death if he contracts it. Defendant's Reply To The Government's Opposition To His Motion For Compassionate Release (Doc. #37) filed December 23, 2020 at 4. With good time credit, defendant's projected release date is June 30, 2022. Defendant asks the Court to grant compassionate release.

## Analysis

### I.     Motion To Appoint Counsel

Defendant asks the Court to appoint counsel to assist him with his compassionate release motion. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not entitled to counsel. As explained below, defendant's claim lacks merit. In addition, defendant's claim for compassionate release is not particularly complex factually or legally. Finally, defendant appears able to adequately present his claim. For these reasons, the Court overrules defendant's motion to appoint counsel.

## II.     Motion For Compassionate Release

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c).

Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant seeks compassionate release because of various health conditions and the COVID-19 pandemic.

The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The government does not dispute that on April 30, 2020, defendant submitted to the warden at USP Leavenworth a request for compassionate release. In addition, the record does not reflect that the warden responded to defendant's request within 30 days. The government argues, however, that defendant's stated reasons for his administrative request—his asthma, sleep apnea and other medical conditions—did not assert the specific reasons that he asserts in the present motion, i.e. his COVID-19 infection in September of 2020. Because defendant proceeds pro se, the Court

liberally construes his motion, as supplemented by his reply brief, as asserting relief based on his medical conditions and his prior COVID-19 infection. Accordingly, he has established that he exhausted administrative remedies.

Under the compassionate release statute, after considering the applicable factors set forth in Section 3553(a), the Court may grant relief if defendant establishes that (1) "extraordinary and compelling reasons" warrant a reduced sentence and (2) a reduced sentence is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress specifically authorized the Sentencing Commission to issue policy statements defining "what should be considered extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied." United States v. Saldana, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) as determined by the Director of the BOP, an "extraordinary and compelling reason other than, or in combination with," the first three categories. U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).[1] In addition, the policy statement

---

[1] Application Note 1 provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A)  Medical Condition of the Defendant.—
    (i)  The defendant is suffering from a terminal illness (i.e., a serious and

(continued . . .)

requires that before granting relief, the Court must find that defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). In December of 2018, the First Step Act amended Section 3582(c)(1)(A) to permit defendants

---

[1](. . . continued)
  advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  (ii)   The defendant is—
   (I)   suffering from a serious physical or medical condition,
   (II)   suffering from a serious functional or cognitive impairment, or
   (III)   experiencing deteriorating physical or mental health because of the aging process,
  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  (B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C)   Family Circumstances.
   (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D)   Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1 (Nov. 2018).

(rather than only the BOP) to file motions for compassionate release. The Sentencing Commission's policy statement, which was effective November 1, 2018, nonetheless remains the relevant policy statement in determining whether "extraordinary and compelling reasons" warrant defendant's release. See Saldana, 807 F. App'x at 819 (applying policy statement effective November 1, 2018 to defense motion under Section 3582(c)(1)(A)). Unless the grounds for resentencing fall within one of the specific categories that Congress has authorized under Section 3582(c), the Court lacks jurisdiction to consider defendant's request. See id.; United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009).

Under subsection (D) of the Section 1B1.13 commentary, as determined by the Director of the BOP, release may be appropriate based on other "extraordinary and compelling reason[s]," by themselves or in combination with defendant's medical condition, age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(D). To determine whether defendant presents other extraordinary and compelling reasons for release, the BOP has identified several "nonexclusive factors" to consider: defendant's criminal and personal history, the nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans and whether release would "minimize the severity of the offense." Saldana, 807 F. App'x at 819 (quoting BOP Program Statement 5050.50 at 12 (2019)). Where the BOP Program statement is a "permissible construction of the statute," it is entitled to "some deference." Id. (quoting Reno v. Koray, 515 U.S. 50, 61 (1995)).

As explained above, the First Step Act permits defendants (rather than only the BOP) to file motions for compassionate release. The Sentencing Commission, however, which has lacked a quorum since the First Step Act was enacted in December of 2018, has not amended the

Section 1B1.13 commentary which includes the catchall provision for other extraordinary and compelling reasons "[a]s determined by the Director of the BOP." U.S.S.G. § 1B1.13, cmt. n.1(D). In an unpublished decision, the Tenth Circuit implicitly recognized that in addition to the BOP, courts now can make such a determination. See Saldana, 807 F. App'x at 819–20.[2] The Court likewise concludes that on a defense motion, it may—independently of the BOP—determine whether defendant has established "other" extraordinary and compelling reasons that warrant a reduced sentence beyond those stated in subsections (A) to (C) of the Section 1B1.13 commentary. U.S.S.G. § 1B1.13, cmt. n.1(D); see United States v. McIntosh, No. 11-20085-01-KHV, 2020 WL 5747921, at *5 (D. Kan. Sept. 25, 2020), reconsideration denied, 2020 WL 6270918 (D. Kan. Oct. 26, 2020); see also 28 U.S.C. § 994(t) (Sentencing Commission shall describe what should be considered extraordinary and compelling reasons including criteria to apply and list of specific "examples"); cf. United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020) (no "applicable" policy statement for inmate motions for compassionate release so district judges must consider only statutory criteria of "extraordinary and compelling reasons"); United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020) (because Section 1B1.13 not "applicable" to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district court discretion to consider whether reasons are extraordinary and compelling).

---

[2]    In Saldana, defendant argued that in determining whether he had established other compelling reasons under the catchall provision of subsection (D), the district court should have considered (1) his post-conviction rehabilitation efforts and (2) post-sentencing case law that would have lowered his sentencing range. See id. In affirming the district court's decision to deny defendant's request for a reduced sentence under the catchall provision of subsection (D), the Tenth Circuit implicitly assumed that the district court, rather than the BOP exclusively (as the commentary suggests), can determine whether a defendant has established "other" extraordinary and compelling reasons under the catchall provision. See id.

In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent." United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)). "Compelling" means "tending to convince . . . by forcefulness of evidence." Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)). As noted above, BOP Program Statement 5050.50 identifies several "nonexclusive" factors for the Court to consider in determining whether "other" extraordinary and compelling reasons warrant a reduced sentence. See Saldana, 807 F. App'x at 819.

Here, defendant seeks release because of his medical conditions and prior COVID-19 infection. At age 32, defendant is relatively young. The PSR notes that in 2014, defendant reported that he was in "alright" physical health and did not take any medications. Presentence Investigation Report ("PSR") (Doc. #30) filed May 19, 2014, ¶ 54. BOP records reflect that defendant suffers from sleep apnea. Even so, sleep apnea itself is not a risk factor for severe illness if an individual contracts COVID-19. See Centers For Disease Control And Prevention, COVID-19: People With Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 4, 2021); see also United States v. Sanchez, No. CR 18-3052 KG, 2020 WL 7711911, at *3 (D.N.M. Dec. 29, 2020) (sleep apnea not extraordinary and compelling reason for release because it is not identified with increased risk of COVID-19 complications). Defendant states that he also has asthma, immune thrombocytopenia and "other illnesses," Defendant's Reply (Doc. #37) at 4, but the BOP medical records that he has submitted do not indicate that he receives treatment for any condition other than sleep apnea. Defendant also states that because he has now contracted COVID-19,

"the situation has changed from a concerning risk into a life-threatening emergency." Emergency Motion For Compassionate Release (Doc. #31) at 2; see also id. (he "is now reporting serious difficulty breathing, by having shortness of breath" and that he has "never felt sicker in his life"). In September of 2020, defendant tested positive for COVID-19, but BOP records do not show that he displayed any symptoms. See Government's Response To Defendant's Motion For Compassionate Release (Doc. #35) at 21–22. Defendant has not presented any supporting documentation for his claim that his sleep apnea or other medical conditions worsened after he contracted COVID-19.

Defendant has not shown that compared to his proposed placement in the community, he faces a heightened or imminent risk of exposure to COVID-19 at USP Leavenworth. See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors). Defendant's medical conditions, his prior COVID-19 infection and the conditions at USP Leavenworth, individually and collectively, do not constitute extraordinary and compelling reasons for his release. Likewise, defendant has not established that the nonexclusive factors in BOP Program Statement 5050.50 compel his release. COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters. Even so, the risk that COVID-19 may spread further at USP Leavenworth cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Even if defendant's medical conditions, his prior COVID-19 infection and the conditions

at USP Leavenworth were considered "extraordinary and compelling" reasons for release, the Court would deny relief after considering the various factors under 18 U.S.C. § 3553. A sentence of time served, or approximately 100 months including good time credit, is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. In particular, defendant committed a significant drug trafficking offense. As part of the offense conduct, defendant was responsible for at least 165 grams of ice methamphetamine and possessed a firearm. See PSR (Doc. #30), ¶¶ 23–24. Defendant also has a prior conviction for attempted criminal threat after he and another individual threatened to harm a female victim and her children and to burn down an apartment complex. See id., ¶ 35.

The Court recognizes that defendant has competed a substantial portion of his original sentence and apparently has made progress toward rehabilitation. Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant's medical conditions, his prior COVID-19 infection and the conditions at USP Leavenworth are not "extraordinary and compelling" reasons that warrant his release under Section 3582(c)(1)(A). Therefore, the Court dismisses defendant's motion for release for lack of jurisdiction. See Saldana, 807 F. App'x at 818, 820–21 (because district court found that defendant had not established "extraordinary and compelling reasons" for reduced sentence, it should have dismissed motion for lack of jurisdiction).

**IT IS THEREFORE ORDERED** that defendant's Emergency Motion For Compassionate Release Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) And For Appointment of Counsel (Doc. #31) filed November 6, 2020 is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that defendant's request for appointment of counsel is

**OVERRULED**.

Dated this 5th day of January, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge